# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| BREON J. FONDREN-RUCKER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Criminal Case No. 17-10006 <br> Civil Case No. 20-1047 |

## ORDER AND OPINION

Before the Court are Petitioner Breon J. Fondren-Rucker's ("Petitioner") Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255 (ECF No. 50)[1] and Respondent United States of America's ("Respondent") Response to the Motion (ECF No. 52). For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## PROCEDURAL HISTORY

Petitioner is currently in the custody of the Federal Bureau of Prisons and housed at Pekin Correctional Center. On January 24, 2017, Petitioner was indicted for conspiracy to obstruct commerce by robbery (Count 1), obstruction of commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 ("Hobbs Act") (Counts 2, 3, 5, and 7), and brandishing a firearm during a robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) (Counts 4 and 6). (ECF No. 1). On January 16, 2018, Petitioner pleaded guilty to Counts 1, 2, 3, 5, 6, and 7 pursuant to a written plea agreement. (ECF No. 29). On September 25, 2018, Petitioner was sentenced and the prosecution made an oral motion to dismiss Count 4, which was granted. *Id.*; (Text Order 9/25/18). Petitioner

---

[1] All citations are to Petitioner's criminal docket 17-10006.

1

was sentenced as contemplated by the plea agreement for a term of 156 months on Counts 1, 2, 3, 5 and 7 to be served concurrently, and 84 months on Count 6 to be served consecutively to all other counts. (Text Order 9/25/2018).

On February 3, 2020, Petitioner filed the instant motion. He argues that Hobbs Act robbery is not a crime of violence under § 924(c), and that after the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), Hobbs Act robbery is not a crime of violence because it can be "accomplished by mere injury or threatened injury to property." (ECF No. 50 at 1). Petitioner does not seek to withdraw his guilty plea or void the agreement; rather, he seeks to have his § 924(c) conviction, related to brandishing a firearm while committing a Hobbs Act robbery, vacated and to be resentenced "to his current sentence, minus the § 924(c) [firearms] enhancement." *Id*. at 10.

On February 21, 2020, Respondent filed its response. Petitioner had until March 13, 2020, to file a reply, but failed to do so. Respondent argues that as part of the plea agreement, Petitioner knowingly waived the right to collaterally attack his sentence, and that his robbery conviction under the Hobbs Act is considered a "crime of violence" because Petitioner and his co-defendant took property by means of actual and threatened force, violence, and fear of injury. (ECF No. 1). Notwithstanding those arguments, Respondent states that Petitioner fails to bring his § 2255 Motion within the one-year statute of limitations, and therefore, it is untimely. This Opinion follows.

**ANALYSIS**

The Court need not address the merits of Petitioner's habeas claims because the § 2255 Motion is barred by the statute of limitations. *See* 28 U.S.C. § 2255(f)(1). Section 2255 contains a one-year statute of limitations that runs from the following:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On September 27, 2018, the Court entered judgment against Petitioner. (ECF No. 44). Petitioner had fourteen days from the entry of that judgment to file a notice of appeal. Fed. R. App. P. 4(b). Petitioner never filed a notice of appeal; therefore, his conviction became final when the deadline expired on October 11, 2018. *See Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Under § 2255(f)(1), Petitioner had one year from the date upon which his conviction became final to file his § 2255 Motion, but he failed to do so. Instead, Petitioner waited over one year to file his motion.

Petitioner attempts to circumvent the one-year statute of limitations requirement under § 2255(f)(1) by claiming that his motion was filed within one year of *United States v. Davis,* which was decided on June 24, 2019. Under this theory, the *Davis* decision created a new constitutional rule of law and would apply retroactively to cases on collateral review pursuant to § 2255(f)(3). *See Davis,* 139 S. Ct. at 2354; *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (discussing alleged facts that would trigger the applicability of equitable tolling to bar the statute of limitations. "[E]quitable tolling of the limitation period . . . is warranted if extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition.")

The Court finds that the decision in *Davis* is not applicable to this case and therefore Petitioner's § 2255 Motion is untimely. In *Davis,* the Supreme Court held that the *residual clause* of the definition of violent felony in § 924(c)(3)(B) was unconstitutionally vague. *Davis,* 139 S. Ct. at 2324 (emphasis added). A crime may be considered a "crime a violence" only if it is brought under the *elements clause*. *Id.* at 2353 (emphasis added). "Crime of violence" is defined in two subparts: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Under the elements clause, "crime of violence" is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A).

Here, the charges brought against Petitioner were under the elements clause. The indictment alleged that Petitioner violated the Hobbs Act and took property "by means of actual and threatened force, violence, and fear of injury." (ECF No. 1). In fact, a similar issue has been decided by the Seventh Circuit, post *Davis*, where the court held that "a Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A)." *United States v. Fisher,* 943 F.3d 809, 815 (7th Cir. 2019); *Haynes v. United States,* 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under § 924(c) because it has as an element the actual, attempted, or threatened use of force." (internal citation omitted)). Therefore, *Davis* does not apply to Petitioner's argument.

As a result of the foregoing, Petitioner's § 2255 Motion is untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such,

the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurist would find that Petitioner's claims were not barred by the statute of limitations. Petitioner had one year from the date his judgment became final to file a habeas petition under § 2255, but he did not do so until over one year later, and no exemptions to the applicable statute of limitations apply. Accordingly, Petitioner's § 2255 Motion is untimely. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [50] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the case.

ENTERED this 6th day of April, 2020.

                                            /s/ Michael M. Mihm
                                               Michael M. Mihm
                                            United States District Judge